UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS PATRICK,<br><br>        Plaintiff,<br><br>    v.<br><br>REYES, et al.,<br><br>        Defendants. | CASE NO. 1:15-cv-01790-LJO-MJS (PC)<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY A COURT ORDER, AND FAILURE TO PROSECUTE**<br><br>**(ECF No. 20)**<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983.

On August 2, 2016, the Court dismissed Plaintiff's second amended complaint for failure to state a claim but gave leave to amend within thirty days. (ECF No. 20.) The thirty-day deadline passed without Plaintiff filing either an amended pleading or notice of voluntary dismissal, or seeking an extension of time to do so.

The Court notes that, on September 6, 2016, Plaintiff lodged an amended complaint in a related case, Patrick v. Reynaga, No. 1:16-cv-00239-LJO-MJS. (ECF No. 20.) Plaintiff may have erroneously filed his amended complaint in 1:16-cv-00239-LJO-MJS, instead of in the instant case. If so, Plaintiff must notify the Court of his error within

1  fourteen (14) days. Absent such notification or the filing of an amended complaint in this
2  action, the Court may dismiss this action with prejudice.

3        Local Rule 110 provides that "failure of counsel or of a party to comply with these
4  Rules or with any order of the Court may be grounds for imposition by the Court of any
5  and all sanctions . . . within the inherent power of the Court." District courts have the
6  inherent power to control their dockets and "in the exercise of that power, they may
7  impose sanctions including, where appropriate, default or dismissal." Thompson v.
8  Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with
9  prejudice, based on a party's failure to prosecute, failure to obey a court order, or failure
10 to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)
11 (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-
12 61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a
13 complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure
14 to comply with local rule requiring pro se plaintiffs to keep court apprised of address);
15 Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to
16 comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)
17 (dismissal for lack of prosecution and failure to comply with local rules).

18       In determining whether to dismiss an action for lack of prosecution, failure to obey
19 a court order, or failure to comply with local rules, the Court must consider several
20 factors: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need
21 to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy
22 favoring disposition of cases on their merits, and (5) the availability of less drastic
23 alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833
24 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

25       In the instant case, the public's interest in expeditiously resolving this litigation
26 and the Court's interest in managing its docket weigh in favor of dismissal. The third
27 factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a
28 presumption of injury arises from the occurrence of unreasonable delay in prosecuting

this action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, as for the availability of lesser sanctions, at this stage in the proceedings there is little available which would constitute a satisfactory lesser sanction while preserving scarce Court resources. Plaintiff has not paid the filing fee for this action and is likely unable to pay, making monetary sanctions of little use.

        Accordingly, it is HEREBY ORDERED THAT:

1. Within fourteen (14) days of service of this Order, Plaintiff shall file either:
    a. Notify the Court in writing that he erroneously filed his amended complaint in the wrong case number, No. 1:16-cv-00239-LJO-MJS,
    b. File an amended complaint or notice of voluntary dismissal, or
    c. Show cause as to why this action should not be dismissed with prejudice for failure to state a claim, failure to prosecute, and failure to comply with the Court's order (ECF No. 20); and
2. If Plaintiff fails to comply with this order, the undersigned will recommend that the action be dismissed, with prejudice, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated: September 21, 2016          /s/ *Michael J. Seng*
                                                      UNITED STATES MAGISTRATE JUDGE